**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN LEON-JUAN, AKA Juan Leon Esteban, <br><br>         Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>         Respondent. | No. 13-71895 <br><br> Agency No. A205-317-884 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Esteban Leon-Juan, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo due process challenges, *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Leon-Juan established changed circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Thus, we deny the petition as to Leon-Juan's asylum claim.

Leon-Juan did not suffer harm in Guatemala, but expressed fear of crime if he returns. Substantial evidence supports the BIA's determination that Leon-Juan failed to show it is more likely than not that he will be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (protected ground must be "at least one central reason" for persecution); *Zetino*, 622 F.3d at 1016 ("desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We lack jurisdiction to review Leon-Juan's assertion regarding corruption of government security forces, because he did not raise this

13-71895

claim to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Thus, Leon-Juan's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief, because Leon-Juan failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala.  *See Silaya*, 524 F.3d at 1073.

We lack jurisdiction to consider Leon-Juan's contention regarding cancellation of removal, because he did not file an application for cancellation of removal before the agency.  *See Barron*, 358 F.3d at 677-78.

Finally, we reject Leon-Juan's due process contention.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**